Filed 9/24/13  P. v. Gibbs CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JOHN FITZGERALD GIBBS,<br><br>  Defendant and Appellant. | 2d Crim. No. B244845<br>(Super. Ct. No. 1404452)<br>(Santa Barbara County) |

John Fitzgerald Gibbs appeals from the judgment after conviction by jury of one count of inflicting corporal injury to a spouse or cohabitant (Pen. Code, § 273.5, subd. (a));[1] making criminal threats (§ 422); dissuading a witness from making a report to a law enforcement officer (§ 136.1, subd. (b)(1)); and four counts of disobeying court orders (§ 166, subd. (a)(4)).  The jury found Gibbs not guilty of one count of dissuading a witness form giving testimony at trial. (§ 136.1, subd. (a)(1).)  The trial judge sentenced Gibbs to seven years and four months in custody, consisting of a four-year upper term in state prison for inflicting corporal injury, plus two consecutive eight-month prison terms for

---

[1] All statutory references are to the Penal Code unless otherwise stated.

criminal threats and dissuading a witness, and four consecutive six-month terms in county jail for disobeying court orders.

S.W. testified that Gibbs assaulted her for four or five hours in a hotel room after their wedding on February 14, 2012. She testified that he shook her, choked her, slammed her head against the wall, and threatened to kill her and himself. She said that when police knocked on the door the following day, he told her to say her bruises were caused by rough sex. Three of Gibbs' prior romantic partners testified to similar abuse. After his arrest and while restraining orders were in place, Gibbs contacted S.W. frequently.

We appointed counsel to represent Gibbs in this appeal. After counsel's examination of the record, he filed an opening brief raising no issues.

In a supplemental brief, Gibbs contends that the trial court erred when it denied his request to replace appointed counsel (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*)), that insufficient evidence supported his conviction for dissuading a witness, and that his sentence was unduly harsh.

The trial court did not abuse its discretion when it denied Gibbs' *Marsden* motion. The record does not clearly show inadequate representation or that Gibbs and his counsel had become embroiled in such an irreconcilable conflict that ineffective representation was likely to result. (*People v. Taylor* (2010) 48 Cal.4th 574, 599.) Gibbs argues that he was unprepared for the *Marsden* hearing, but the record demonstrates that the court allowed Gibbs a full and fair opportunity to explain the basis of his contention and to relate specific instances of inadequate performance. Gibbs contends that counsel refused to present specific witnesses and evidence, but he did not express these concerns at the hearing. He referred only generally to "evidence" that he had brought to counsel's attention. Gibbs contends that counsel had not spent adequate time meeting with him, but acknowledges at the hearing that he had several telephone

2

conversations with counsel and that they had met and conferred in the court's attorney conference rooms every time he had been to court. The court credited counsel's representation that he had 55 text messages with Gibbs on his phone for the period of June through August. (See *Taylor,* at p. 600 [trial court entitled to credit counsel's explanations and to conclude that defendant's complaints were unfounded].) Gibbs contends that he did not know he could have the prosecutor excused from the hearing. The record reflects that the prosecutor was excused. The trial judge stated on the record that "only [defense counsel] Mr. Hanley, Mr. Gibbs, and court staff" were present. Gibbs contends his counsel told him the maximum sentence would be four years and four months. The record reflects that counsel stated in his presence that the sentence could be about seven years.

Sufficient evidence supported Gibbs' conviction for dissuading a witness. The complaining witness testified that when police knocked on the hotel room door, Gibbs told her not to answer the door and said, "We need a story so I don't go to jail. Just tell them you had rough sex, we had rough sex."

Gibbs' sentence was not unduly harsh. Aggravating factors supported the trial court's decision to impose the upper term for corporal injury to a spouse or cohabitant because the offense was violent, Gibbs demonstrated a high degree of cruelty, and his prior convictions were numerous and of increasing seriousness. The decision to impose consecutive sentences was supported by the separate nature of the offenses. Gibbs was excluded from serving the sentences for the felony counts in county jail pursuant to section 1170, subdivision (h).

3

We have reviewed the entire record and are satisfied that Gibbs' attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

4

Jean M. Dandona, Judge

Superior Court County of Santa Barbara

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.